**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **RODNEY BIBLE** | ) |
| | ) |
| **v.** | )  3-09-CV-1668-P |
| | ) |
| **RICK THALER, Director,** | ) |
| **Texas Department of Criminal Justice** | ) |
| **Correctional Institutions Division** | ) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type of Case**: This is a petition for habeas corpus relief filed by a state prisoner pursuant to 28 U.S.C. § 2254.

**Parties**: The Petitioner is an inmate confined at the Powledge Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, Palestine, Texas.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of Case**: Petitioner entered an open plea of guilty to the offense of second degree robbery as charged in the indictment in No. 05-51098-Q and a plea of true to one of the prior convictions alleged for enhancement of punishment. Thereafter the trial court sentenced him to a term of 25 years imprisonment and a $2,500.00 fine. Bible appealed his conviction and his court-

appointed counsel filed an *Anders*[1] brief. Petitioner filed a *pro se* brief and on May 4, 2006, the Fifth Court of Appeals at Dallas affirmed the judgment of conviction with modification.

Bible filed an application for habeas corpus relief pursuant to art. 11.07, Texas Code of Criminal Procedure, and on January 16, 2008, his application was granted in part pursuant to an order of the Texas Court of Criminal Appeals which granted him leave to file an out-of-time *pro se* petition for discretionary review of the Fifth Court of Appeals judgment. His subsequently filed petition was refused by the Court of Criminal Appeals on August 20, 2008.

Petitioner filed a second art. 11.07 application which was denied by the Court of Criminal Appeals in a written order filed August 19, 2009.[2] He filed the present petition on September 1, 2009. *See* petition at 9 and Rule 3(d), Rules Governing Section 2254 Cases.

In response to the petition and this court's show cause order Respondent filed his answer together with copies of Bible's prior state proceedings with minor omissions. *See* answer at 3, note 2 and Exhibit A. Petitioner filed his reply (Objections) to Respondent's answer on February 24, 2010.

**Findings and Conclusions**: Analysis and disposition of the grounds raised in Bible's § 2254 petition are governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA") which in pertinent part bars federal habeas corpus relief unless the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application

---

[1] *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396 (1967).

[2] However, the court declined to adopt the trial court's recommendation that the decision in *Ex Parte Owens,* 206 S.W.3d 670 (Tex.Crim.App. 2006) should not apply, since the Court of Criminal Appeals had previously granted Bible leave to file an out-of-time petition for discretionary review on January 16, 2008.

2

of clearly established Federal law, *as determined by the Supreme Court of the United States.*" 28 U.S.C. § 2254(d)(1) (Emphasis added). It is also well-established that only violations of the Constitution and/or law of the United States are cognizable grounds for relief in a federal habeas corpus petition filed by a state prisoner. § 2254(a).

In his petition Bible asserts eleven grounds for relief eight of which attack the competency of his trial and appellate attorneys. *See* Grounds Three through Eleven. The remaining three grounds raise issues with respect to the sufficiency of the guilty plea.

In his first ground for relief he claims to be innocent of the charge of second degree robbery to which he pleaded guilty,. It is well established that a claim of innocence fails to present a cognizable basis for federal habeas corpus relief. *Herrera v. Collins,* 506 U.S. 390, 416, 113 S.Ct. 853 (1993), *see also Graves v. Cockrell,* 351 F.3d 143, 151 (5th Cir. 2003).

In his second ground he attacks the sufficiency of the evidence to support his guilty plea. Both state and federal rules set out procedures for the acceptance of guilty pleas. However, as recognized by the United States Supreme Court: "A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment." *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709 (1969); *see also United States v. Broce,* 488 U.S. 563, 569, 109 S.Ct. 757 (1989).[3]

Bible's remaining grounds all relate to the quality of representation provided by his attorneys. Ineffective assistance of counsel claims are governed by the two-prong test set out in *Strickland v. Washington,* 466 U.S. 668, 687,89, 104 S.Ct. 2052 (1984). In the subsequent decision

---

[3] As discussed *infra*, any claim that Petitioner's guilty plea was not knowingly and voluntarily entered is without merit.

in *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366 (1985), the Court held that the *Strickland* test applied in the context of a guilty plea and that in order to establish the "prejudice" prong, a habeas petitioner must allege and prove that but for his counsel's objectively deficient representation he would have pleaded not guilty and demanded a trial. *See also Craker v. McCotter,* 805 F.2d 538, 541-42 (5th Cir. 1986).

Bible first claims that his counsel's failure to object to the trial court's erroneous range of punishment admonition rendered his plea involuntary. The trial court found that he was fully admonished with respect to the applicable punishment range. *See* No. WR-65,592-06 at 281, Findings of Fact and Conclusions of Law, Ground of Error Number One at ¶¶ 1-3. Although he was charged with a second degree felony, because his plea bargain also provided that he would plead true to one of the prior felony convictions alleged for enhancement of punishment, *See* Appeal No. 05-05-01200-CR [No. F-05-51-098-SQ] Record Vol. One at 16, the range of punishment under Texas state law was that prescribed for a first degree felony. Texas Penal Code § 12.42(b). Therefore, the range of punishment was correctly state in the plea agreement, *Id.* at 15, and Bible stated on the record that he had reviewed the court's admonition with his attorney. Reporter's Record, Vol. 2 at 4. Therefore, counsel had no basis on which to object on the basis that the range of punishment was erroneous.

He next claims that his attorney should have requested the court to find him guilty of the lesser included offense of theft because there was no evidence of bodily harm. Ground Four. Since Petitioner pleaded guilty pursuant to a plea agreement in which he sought to be placed in a drug rehabilitation program (Cenikor) and he has not alleged or established any prejudice, to wit: that he would have chosen to go to trial exposing himself, pursuant to the primary charge and the

4

enhancement paragraphs in the indictment, to a term of imprisonment of not less than 25 years or more than life imprisonment, he is not entitled to relief on this ground.[4]

In Ground Five he claims that his attorney erroneously advised him that he was eligible for an alternative sentencing option to a term of imprisonment. This claim is predicated on a matter of state law and in addressing this ground in his art. 11.07 application, the trial court found that although Cenikor did not accept Bible into its substance abuse program State law did not bar him from being eligible for community supervision pursuant to art. 42.12 § 3(e) or art. 42.12 § 3(g). *See* No. WR-65,592-06 at 282, Findings of Fact and Conclusions of Law, Ground of Error Number One at ¶¶ 5-7.

He next claims that his trial attorney rendered ineffective assistance of counsel in failing to object to the testimony of two other persons who were witnesses to the robbery perpetrated against the victim. Ground Six. The trial court rejected Bible's claim that such evidence was inadmissible at the punishment phase of trial. No. WR-65,592-06, *supra*, at 284, Ground of Error Number Six at ¶ 1.a. and b.

In his seventh ground for relief Petitioner claims that his trial attorney failed to explain the elements of the offense of robbery. At his arraignment Bible stated that he had gone over the indictment with his attorney and understood the charge. Reporter's Record Vol. 2 at 4. In the context of his subsequently filed art. 11.07 application the trial court rejected this claim. No. WR-65,592-06, *supra,* at 282, Ground of Error Number Three at ¶¶ 2 and 3. "Solemn declarations in

---

[4]Although Bible raised a sufficiency of the evidence claim in his *pro se* appellate brief, i.e. Second Point of Error, the Fifth Court of Appeals found nothing in the record that might arguably support an appeal. *Bible v. State,* 2006 WL 1194876 (Tex.App.-Dallas 2006, pet. ref'd).

open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as such are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621 (1977). The Texas state courts correctly refused to grant relief on this ground.

Bible contends that he was denied the effective assistance of counsel due to the attorney's failure to obtain a videotape fo the robbery (Ground Eight). In addressing this issue in his state habeas application the trial court found that no videotape fo the robbery existed, based upon the statement found in Petitioner's trial attorneys' affidavit. *See* No. WR-65,592-06, *supra,* at 284, Ground of Error Number Five; *see also* at 204-05.

Petitioner next complains of a variance between the charge alleged in the indictment and the testimony of the victim, Curtis Lewis, with respect to the absence of physical injury (Ground Nine). As noted above, the United States Constitution does not require any additional evidence to support the entry of a guilty plea. *Boykin v. Alabama, supra.* Moreover, Bible has not sustained his burden imposed in *Hill v. Lockhart, supra.* Finally, the trial court found and the Court of Criminal Appeals adopted the determination that as a matter of Texas state law that the victim's testimony did not negate the commission of robbery under the Texas Penal Code. No. WR-65,592-06, *supra,* at 283-84, Ground of Error Number Seven at ¶ 2.a.

Petitioner faults his appellate attorney's failure to raise any points of error in his direct appeal. It is settled law that a convicted person is entitled to competent counsel under the *Strickland* test in the context of a direct appeal. *See Smith v. Robbins,* 528 U.S. 259, 285, 120 S.Ct. 746 (2000). As shown in the state record, Bible's appellate counsel filed an *Anders* brief and notified him of the

right to file a *pro se* brief, which he did.[5] In his *pro se* brief he attacked the voluntariness of his guilty plea as well as the sufficiency of the evidence to support the plea, issues which parallel those presented in his art. 11.07 application and in his § 2254 petition. The Court of Appeals expressly noted that it had reviewed the grounds raised in the *pro se* brief and found them to be frivolous. *See Bible v. State,* 2006 WL 1194876 (Tex.App.-Dallas 2006, pet. ref'd).

Irrespective of his burden to show that his appellate attorney did not satisfy the first prong of the *Strickland* test, it is clear that Bible cannot satisfy the second prong, i.e. that counsel failed to raise a meritorious point of error on appeal which as a matter of reasonable probability would have resulted in a reversal of his conviction.

In his final ground for relief (Ground Eleven) Petitioner claims that the trial court erred in refusing to permit him to withdraw his guilty plea. This ground presents an issue of State law only and therefore does not state a cognizable claim for federal habeas corpus relief.

**Conclusion:** The magistrate judge agrees with the findings of the trial court on which the Texas Court of Criminal Appeals denied relief that none of Petitioner's grounds for habeas corpus relief are meritorious. However, even were this court to disagree with the denial of relief, federal habeas corpus relief is unwarranted because Bible has failed to prove that the State courts denial of relief was not only erroneous but that it was objectively unreasonable. *See e.g. Yarborough v. Gentry,* 540 U.S. 1, 5, 124 S.Ct. 1 (2003) (collecting cases).

**RECOMMENDATION:**

For the foregoing reasons, it is recommended that the petition be denied and dismissed.

---

[5]Although Respondent did not tender copies of the entire record of proceedings in the State courts, he did include Bible's *pro se* direct appeals brief filed in the Fifth Court of Appeals on February 15, 2006.

A copy of this recommendation will be mailed to Petitioner and counsel for Respondent..

Signed this 9th day of March, 2010.

                                         WM. F. SANDERSON, JR.
                                         UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).